IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MINT BANK INTERNATIONAL, LLC, *et al.*,

    Plaintiffs,

        v.

OFFICE OF THE COMMISSIONER OF FINANCIAL
INSTITUTIONS OF PUERTO RICO, *et al.*,

    Defendants.

CIVIL NO. 18-1441 (JAG)

## MEMORANDUM AND ORDER

GARCÍA-GREGORY, D.J.

    In May 2017, Mint Bank International, LLC ("Mint") filed a permit application with the Office of the Commissioner of Financial Institutions of Puerto Rico ("OCIF") to organize and operate an "international financial entity" under the Commonwealth's International Financial Center Regulatory Act ("Law 273"), P.R. Laws Ann. tit. 7, § 3081 *et seq. See* Docket Nos. 1; 1-4.[1] The application also included a Personal History Statement for Guy Gentile Nigro ("Gentile")—Mint's sole director and member—pursuant to OCIF's regulations. Docket No. 1-4 at 2; *see* P.R. Laws Ann. tit. 7, § 3086(b) ("Every application shall include . . . (5) the identity and background of all proposed directors, and officials or persons who intend to act in a similar capacity in the international financial institution.").

---

[1] The Court borrows these facts from the Complaint, Docket No. 1, as well as from OCIF's final decision on Mint's permit application, Docket No. 1-4, attached thereto. *See O'Rourke v. Hampshire Council of Gov'ts*, 121 F. Supp. 3d 264, 276 (1st Cir. 2015) (holding that courts may consider documents central to a plaintiff's claim or sufficiently referred to in the complaint under Fed. R. Civ. P. 12(b)(6) without converting a motion to dismiss into a summary judgment request); *Grajales v. P.R. Ports Auth.*, 682 F.3d 40, 44-45 (1st Cir. 2012) (holding that, at the motion to dismiss stage, courts accept as true all well-pleaded factual allegations in a plaintiff's complaint and draw all reasonable inferences in his or her favor).

**CIVIL NO.** 18-1441 (JAG)                                                                 2

OCIF reviewed Mint's application and investigated the "financial solvency, credit, banking experience, and commercial integrity of the applicants"—here, Mint and Gentile (as its sole director). Docket No. 1-4 at 5; *see* P.R. Laws Ann. tit. 7, § 3086(c)(1). In February 2018, Iris Nereida Jiménez ("Jiménez"), OCIF's Auxiliary Commissioner, denied Mint's application, concluding that Gentile did not have the requisite "commercial integrity" to organize and operate an international financial entity in Puerto Rico under Law 273; and that Mint omitted from its application a Securities and Exchange Commission ("SEC") civil lawsuit pending against Gentile at the time for stock manipulation. Docket No. 1-4 at 10.

Mint and Gentile subsequently filed an administrative appeal before OCIF, contending that the agency's denial of the permit was arbitrary and capricious because the decision failed to consider the totality of the evidence submitted with the application, and because it relied on impermissible inferences. Docket No. 1 at 19. Gentile did not request an administrative hearing in connection with this appeal; he believed it would have been futile given OCIF's "purely pretextual and unconstitutional reasons" for denying Mint's license, and because "the hearing would be in front of the same individuals" who had already denied the application. *Id.*

On June 5, 2018, OCIF issued a final order denying Mint's permit application. *Id.*; *see generally* Docket No. 1-4. There, Commissioner George R. Joyner Kelly ("Joyner") confirmed that, given Gentile's "reputation and the omission of information, OCIF [had] determined that neither Mint nor Gentile had the commercial integrity" required to operate an international financial entity in Puerto Rico. *Id.* at 10. Joyner based his final decision, in part, on: (i) Gentile's March 2016 federal indictment for criminal securities fraud, a case dismissed in January 2017 at the government's request; (ii) Mint's omission of information regarding a March 2016 SEC civil action against Gentile for stock manipulation, a case dismissed in December 2017; and (iii) Gentile's

**CIVIL NO.** 18-1441 (JAG)                                                                                                                    3

statements during a March 2017 Bloomberg News interview referencing federal authorities (*e.g.*, "The feds don't know who they got, bro/I'm going rogue"; "I'm going to make my license place F—YOUDOJ"). *Id.* at 5-16.

One month later, Mint and Gentile (collectively, "Plaintiffs") filed this civil rights action under 42 U.S.C. § 1983 against OCIF, as well as Joyner and Jiménez in their official capacities, (collectively "OCIF") alleging that the denial of Mint's permit was done in retaliation for his exercise of protected conduct (*e.g.*, the Bloomberg News interview statements) and also resulted in the deprivation of his right to free speech and to be presumed innocent until proven guilty, in violation of the First and Fourteenth Amendments to the U.S. Constitution, respectively. Docket No. 1. The Complaint, based on the facts already recounted, charges four (4) causes of action[2]:

1. that OCIF's final order "impermissibly considered" Gentile's personal speech when it denied Mint's application, in violation of the First Amendment's prohibition on government actions proscribing personal speech or expressive conduct;

2. that OCIF denied Mint's permit in retaliation for Gentile engaging in constitutionally protected conduct, in violation of the First Amendment's ban on the government taking adverse actions in response to the exercise of free speech;

3. that OCIF "violated the concept of ordered liberty and shocked the conscience" by considering Gentile's personal statements, his civil action and criminal indictment, an undisclosed SEC opinion letter on Gentile sent to OCIF but never disclosed during Mint's permit process, and initial omission of the SEC civil lawsuit, all in violation of the Fourteenth Amendment's substantial due process clause; and

---

[2] To be precise, Plaintiffs raise five (5) causes of action in their Complaint. *See* Docket No. 1 at 21-29. The first two—First Amendment violations for punishing protected speech—are repetitive. *Id.* at 21. The only difference between them is that the first only charges OCIF while the second imputes Joyner and Jiménez in their official capacities. These are effectively the same claim, so the Court treats them as one cause of action. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather a suit against the official's office. As such, it is no different from a suit against the State itself.").

**CIVIL NO.** 18-1441 (JAG)                                                                                           4

4. that Law 273, as well as OCIF's regulations, "shock the conscience" and are "void" because they permit violations of the Fourteenth Amendment's substantial due process clause.

*Id.* at 21-30. To this effect, Plaintiffs request declaratory and injunctive relief—that the Court deem OCIF's permit denial, Law 273, and OCIF's regulations unconstitutional under the First and Fourteenth Amendments; and compel OCIF to issue an international financial entity permit to Mint—as well as damages, attorney's fees, and costs. *Id.* at 31.

OCIF has now moved to dismiss the Complaint under Fed. R. Civ. P. 12(b)(6), contending that the Eleventh Amendment bars Plaintiffs' request for monetary relief; and that Plaintiffs' failed to plausibly state a due process claim because their charges are frivolous and because they do not have a property interest in obtaining an international financial entity permit from OCIF. Docket No. 13. Plaintiffs, on the other hand, concede both of these positions before clarifying that OCIF's arguments do not defeat any of their claims.

I. ELEVENTH AMENDMENT IMMUNITY

OCIF is correct that the Eleventh Amendment could bar Plaintiffs' claims, but this immunity applies here only insofar as the Complaint requests money damages. *See Vaquería Tres Monjitas, Inc. v. Irizarry*, 587 F.3d 464, 477 (1st Cir. 2009) (holding that the Eleventh Amendment immunity does not bar suits filed against a state agency for prospective injunctive or declaratory relief). OCIF's immunity from monetary relief claims, therefore, would not warrant dismissal of the entire Complaint; nor extend to Plaintiffs' request for attorney's fees and costs. *See Hutto v. Finney*, 437 U.S. 678, 692-95 (1978) (holding that the Eleventh Amendment does not bar recovery for attorney's fees and costs in Section 1983 actions).

CIVIL NO. 18-1441 (JAG)                                                                                                    5

Accordingly, Plaintiffs' claims for monetary relief against OCIF are hereby **DISMISSED WITH PREJUDICE** pursuant to the Eleventh Amendment. Conversely, Plaintiffs' claims against OCIF for declaratory and injunctive relief, as well as for attorney's fees and costs, are not afforded such immunity and, thus, survive.

## II.   THE SUBSTANTIVE DUE PROCESS CLAIMS

OCIF then argues that the Complaint fails to plausibly allege a procedural due process claim under the Fourteenth Amendment because Plaintiffs do not have a property interest in the license. Docket No. 13 at 12. Plaintiffs concur, but point out that this argument "misses the mark" since "Gentile has alleged a substantive due process violation of his liberty rights"—namely, his right to the "presumption of innocence" and to "freely criticize the government"—premised on OCIF's conscious-shocking conduct. Docket No. 16 at 12-15. From there, Plaintiffs continue, OCIF's failure to raise any other arguments as to their First and Fourteenth Amendment claims "effectively admit[s] that Mint and Gentile are entitled to the declaratory and injunctive relief they seek through this action." *Id.* at 11. This result is not as obvious as Plaintiffs would have it.

OCIF's Motion also argued that Plaintiffs' allegations of due process violations were "frivolous" and as such warrant dismissal under Fed. R. Civ. P. 12(b)(6). Docket No. 13 at 3. The Court need not decide whether the Complaint lacks "an arguable basis either in law or in fact" or whether it contained "inarguable legal conclusions or fanciful factual allegations." *Street v. Fair*, 918 F.2d 269, 272-73 (1st Cir. 1990) (setting out standard for frivolous filings). Still, it agrees that Plaintiffs' Fourteenth Amendment claims should be dismissed at this stage. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 559 (2007) (holding that a complaint must allege "a plausible entitlement to relief" in order to survive dismissal under Fed. R. Civ. P. 12(b)(6)).

**CIVIL NO.** 18-1441 (JAG)                                                                                                   6

      Plaintiffs' fourth cause of action seems to challenge the constitutionality of Law 273 and OCIF's regulations, alleging these "shock the conscience and are void" under the Fourteenth Amendment's substantive due process clause because they permit unlawful conduct. This reads like a facial challenge, yet Plaintiffs fail to allege any facts showing "that no set of circumstances exists under which [Law No. 273 and OCIF's regulations] would be valid, *i.e.*, that the law is unconstitutional in all of its applications." *Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449-50 (2008) (holding that "a facial challenge [outside the First Amendment context] must fail where the statute has a plainly legitimate sweep.") (internal citations omitted); *see Schware v. Bd. of Bar Exam. of State of N.M.*, 253 U.S. 232, 239 (1987) ("A State can require high standards of qualification, such as good moral character or proficiency in its law, before it admits an applicant to the bar, but any qualification must have a rational connection with the applicant's fitness or capacity to practice law.").

      OCIF's license denial, moreover, does not remotely approach the "unforgiving standard" necessary to insinuate this Court's "oversight and discretion . . . into areas traditionally reserved for state and local tribunals." *Collins v. Nuzzo*, 244 F.3d 246, 250-51 (1st Cir. 2001) ("To establish a substantive due process claim, a plaintiff must demonstrate an abuse of government power that shocks the conscience or action that is legally irrational in that it is not sufficiently keyed to any legitimate state interests.") (internal citations omitted); *González-Droz v. González-Colón*, 660 F.3d 1, 15-16 (1st Cir. 2011) ("To sink to this level, the challenged conduct must be truly outrageous, uncivilized, and intolerable.") (internal citations omitted). After all, this doctrine "may not, in the ordinary course, be invoked to challenge discretionary permitting or licensing determinations of state or local decision makers, whether those decisions are right or wrong." *Pagán v. Calderón*, 448 F.3d 16, 33 (1st Cir. 2006). This is especially true when the object of Plaintiffs' challenge—a

**CIVIL NO.** 18-1441 (JAG)                                                                 7

discretionary licensing determination—does not show signs of "truly horrendous" or "sufficiently egregious" conduct by OCIF. *Id.*; *see also Collins*, 244 F.3d at 250 (holding that the denial of a permit, even if arbitrary, does not constitute a substantive due process violation unless it is a truly horrendous situation) (internal citations omitted).

Indeed, the First Circuit has found that "conduct significantly more offensive" than that alleged in Plaintiffs' Complaint does not rise to the level of a substantive due process violation. *Pagán*, 448 F.3d at 16; *see Cruz-Erazo v. Rivera-Montanez*, 212 F.3d 617, 622-23 (1st Cir. 2000) (months of harassment by police officers did not "shock the conscience"); *Pittsley v. Warish*, 927 F.2d 3, 7 (1st Cir. 1991) (threats by the police to kill plaintiff did not "shock the conscience"); *Amsden v. Moran*, 904 F.2d 748, 757 (1st Cir. 1990) ("Even bad-faith violations of state law are not necessarily tantamount to unconstitutional deprivations of due process."). In sum, none of the Complaint's allegations plausibly entitle Plaintiffs to the relief sought under the Fourteenth Amendment. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that a plaintiff must plead factual content allowing a court to reasonably infer that a defendant is liable for the misconduct alleged). Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiffs' claims under the Fourteenth Amendment.

### III. THE SURVIVING FIRST AMENDMENT CLAIMS

Considering the above, Plaintiffs' causes of action under the First Amendment against OCIF for retaliation and for proscribing Gentile's exercise of free speech survive the Motion to Dismiss, but only as to OCIF. The Court also hereby **DISMISSES WITH PREJUDICE** the Complaint as to Joyner and Jiménez in their official capacities, seeing as there is no reason for all three parties to appear as named defendants on these claims. *See Decotiis v. Whittemore*, 635 F.3d 22,

**CIVIL NO.** 18-1441 (JAG)                                                                                          8

26-27 (1st Cir. 2011) (affirming dismissal of complaint against official capacity defendant as "redundant" of suit against the official's agency).

## CONCLUSION

For the reasons stated above, OCIF's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6) is hereby **GRANTED IN PART AND DENIED IN PART**. Accordingly, the Court (i) **DISMISSES WITHOUT PREJUDICE** Plaintiffs' Fourteenth Amendment claims; and (ii) **DISMISSES WITH PREJUDICE** all First Amendment claims against co-Defendants Joyner and Jiménez. Partial Judgment shall be entered accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this March 31, 2019.

                                                            s/ Jay A. Garcia-Gregory
                                                            JAY A. GARCIA-GREGORY
                                                            United States District Judge