**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| GUY GENTILE NIGRO, et al | CIVIL NO. 18-1441 (JAG) |
| Plaintiffs | |
| v. | |
| COMMISSIONER OF FINANCIAL INSTITUTIONS OF PUERTO RICO | RE.: First Amendment, Injunctive Relief |
| Defendants | |

**MOTION FOR THE COURT'S ABSTENTION PENDING CONCLUSION**
**OF ONGOING STATE PROCEEDINGS**

TO THE HONORABLE COURT:

COMES NOW Defendant the *Office of the Commissioner of Financial Institutions of the Commonwealth of Puerto Rico* ("OCFI"), without submitting to this Court's jurisdiction and waiving any affirmative defense and/or any right or defense arising from Title III of Puerto Rico Oversight, Management and Economic Stability Act ("PROMESA"), 48 U.S.C. §§ 2101 *et seq.*, and through the undersigned attorney respectfully alleges and prays:

**INTRODUCTION**

On July 3, 2018, the Plaintiffs filed the present Complaint alleging violations to the United States Constitution pursuant to 42 U.S.C. § 1983 seeking money damages. See **ECF 1**. The alleged facts are the following: Co-Plaintiff *Mint Bank International, LLC* ("Mint Bank") applied for a permit to organize an International Financial Entity ("IFE") in Puerto Rico by filing the required paperwork at the OCFI. The OCFI is a Commonwealth of Puerto Rico entity with the mission to

regulate and oversee the Commonwealth's financial system. (See **ECF 1 at 7, ¶13**). The OCFI denied Mint Bank's application for such permit. Mint Bank then filed *Petition for Reconsideration*, and the OCFI again denied the request and notified Plaintiffs.

Plaintiffs invoked the First and the Fourteenth Amendments of the United States Constitution alleging, in summary, the violation of Co-Plaintiff Gentile-Nigro's right to freedom of expression (personal speech or expressive conduct) and the violation of substantive due process because OCFI's initial decision was made prior to any opportunity for a hearing. Plaintiffs allege that the OCFI's final order impermissibly considered Gentile's personal speech protected by the First Amendment when it denied Mint's application for the permit to organize an IFE in Puerto Rico.

As part of the Complaint, the Plaintiffs sought nominal, compensatory, and punitive damages, declaratory and injunctive relief, as well as attorneys' fees and costs, in accordance with 42 U.S.C. § 1988 and other applicable law. (**ECF 1 at 31**). In that regard, Defendants argued in their *Motion to Dismiss* (the "MTD")(**ECF 13**) that a claim for monetary damages against them, in their official capacities, was precluded by the Eleventh Amendment of the U.S. Constitution, which renders states, including Puerto Rico, immune from claims brought in federal courts by citizens of the same or any other state. Co-Defendants George R. Joyner Kelly (the Commissioner at the OCFI) and Iris Nereida Jiménez (the Auxiliary Commissioner of the OCFI) were also entitled to Eleventh Amendment Immunity. Defendants argued that as long as monetary damages are sought with regard to the OCFI and the State officers in their official capacities, the Complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

Via *Memorandum and Order* (**ECF 20**), the Honorable Court granted in part and denied in part the Defendants' MTD. All of Plaintiffs' Fourteenth Amendment claims were Dismissed (**ECF 20 at 7, 8**). Likewise, all of Plaintiffs' First Amendment claims against Co-defendants George R. Joyner Kelly and Iris Nereida Jiménez were also Dismissed (***Id.***). Also Dismissed were Plaintiffs' claims for monetary against OCFI. (**ECF 20 at 5**).

**The only surviving claims in the instant Complaint are as follows**: 1) Plaintiffs' claims against the OCFI for declaratory and injunctive relief, as well for attorney's fees and costs (***Id.***), and; 2) Plaintiffs' First Amendment claims for retaliation and for proscribing Gentile's exercise of free speech, but only as to OCFI (**ECF 20 at 7, 8**).

**Plaintiffs request for declaratory and injunctive relief in the Complaint consists of the following**: 1) That the Court deem OCFI's permit denial, Law 273[1], and OCFI's regulations[2] unconstitutional under the First and Fourteenth Amendments; and 2) to compel OCFI to issue an IFE permit to Mint, as well as attorney's fees and costs (See **ECF 20 at 4**).

On July 5, 2018, Co-Plaintiff Mint Bank filed for Judicial Review before the Puerto Rico Court of Appeals ("PRCA"), of the OCFI denial of the permit application to organize an IFE in Puerto Rico. That PRCA case number is **KLRA201800359**,[3] and it is pending adjudication. Plaintiffs filing for Judicial Review before the State courts is based on the same facts and events alleged in the instant complaint.

---

[1] Law 273 is the Commonwealth's International Financial Center Regulatory Act ("Law 273 of September 25, 2012" or "Law 273-2012"), P.R. Laws Ann. tit. 7, § 3081 *et seq*. See **ECF Nos. 1; 1-4**. See also **ECF 20, fn. 1 at 1**.
[2] See **ECF 1-4 at 2**.
[3] *Mint Bank International, LLC v. Oficina del Comisionado de Instituciones Financieras* ("OCFI" by its acronym in the English language), case No. KLRA201800359, Re.: Judicial Review of denial of application for permit to organize an IFE.

<u>Because Plaintiffs have requested this Honorable Court for declaratory and injunctive relief that calls for, *inter alia*, declaring Law 273 and OCFI's regulations unconstitutional, while state court proceedings involving said Law and regulations are ongoing because of the OCFI denial, this Honorable Court should, must, abstain from hearing the instant case until after the state proceedings have run their course if not on 28 U.S.C. § 2283 Anti-Injunction Act, or *Pullman* or *Younger*, or *Brillhart/Wilton* grounds, then on principles of federalism, comity and sound judicial administration, a "unity of concerns" behind the various abstention doctrines which support, favor and promote abstention and comity.</u>

## ABSTENTION

Despite the general principle that federal courts have the virtually unflagging obligation to exercise the jurisdiction given them, there are statutes and doctrines and other considerations which allow a federal court to abstain when federal adjudication would disrupt an ongoing state proceeding. Such statutes and doctrines reveal <u>a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances</u>.

It is well settled that the pendency of an action in state court is not a per se bar to related federal court proceedings. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292 (2005). Indeed, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). This duty, however, is not absolute, and it yields in certain "exceptional circumstances, where denying a federal forum would clearly serve an important countervailing interest." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (citation omitted) (internal quotation marks omitted).

The Supreme Court has delineated several abstention doctrines, see *id*. at 716-17, which "reflect a complex of considerations designed to soften the tensions inherent in a system that contemplates parallel judicial processes." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 11 n.9 (1987). Although "the categories do matter," *Rio Grande Cmty. Health Ctr., Inc.*, 397 F.3d at 68, "[t]he various types of abstention are not rigid pigeonholes into which federal courts must try to fit cases." *Pennzoil Co.*, 481 U.S. at 11 n.9. Here, the *Pullman* and/or *Younger* and/or *Colorado River-Brillhart/Wilton* abstention doctrines and the principles of federalism, comity, and sound judicial administration that ground the various abstention doctrines counsel a stay of the federal court proceedings pending the Puerto Rico courts' decision in the related case for judicial review.

### *Pullman* abstention

*Pullman* abstention serves to "avoid federal-court error in deciding state-law questions antecedent to federal constitutional issues." *Arizonans for Official English v. Arizona*, 520 U.S. 43, 76 (1997); see *R.R. Comm'n of Tex. v. Pullman Co.*, 312 U.S. 496, 501 (1941). Under *Pullman*, federal courts should abstain when "(1) substantial uncertainty exists over the meaning of the state law in question, and (2) settling the question of state law will or may well obviate the need to resolve a significant federal constitutional question." *Batterman v. Leahy*, 544 F.3d 370, 373 (1st Cir. 2008). "[T]he fact that a state proceeding is actually pending strengthens the case for [*Pullman*] abstention." *Rivera-Feliciano v. Acevedo-Vilá*, 438 F.3d 50, 61 (1st Cir. 2006); see *Harris Cnty. Comm'rs Court v. Moore*, 420 U.S. 77, 83 (1975) ("Where there is an action pending in state court that will likely resolve the state-law questions underlying the federal claim, [the Supreme court has] regularly ordered abstention.").

In applying these principles to the plaintiffs' surviving claims, this Honorable Court must conclude that a stay of the federal proceedings is appropriate. Whether the plaintiffs are right on claiming that a permit for an IFE should have been issued to them by OCFI hinges on the legality of OCFI's basis for the denial the permit based on their interpretation of Law 273 and of their own regulations, the very issue that the Commonwealth's appellate court is poised to decide in the related judicial review case KLRA201800359. As is evident from the divergent legal interpretations of said Law and regulations by the agency and by the plaintiffs, substantial uncertainty surrounds the issues. Determining whether OCFI's denial of Mint's permit request violated the constitutional principles or state laws and regulations of Puerto Rico involves complex questions of statutory and regulatory interpretation. The questions concern whether the OCFI properly and legally discharged its responsibility of controlling and supervising the financial institutions that may operate or do business in the Commonwealth of Puerto Rico when denying Mint's permit application pursuant Law 273 and OCFI's regulations which may obviate the need to decide whether the plaintiffs received constitutionally adequate protections during the process leading to the permit denial. At the very least, once the Puerto Rico courts "have spoken, adjudication of any remaining constitutional questions may indeed become greatly simplified." *Arizonans for Official English*, 520 U.S. at 80. The circumstances of this case suggest that it might well fit within the *Pullman* rubric.

**Federalism, comity, and sound judicial administration considerations**

"Comity or abstention doctrines may, in various circumstances, permit or require the federal court to stay or dismiss the federal action in favor of the state-court litigation." *Exxon v. Mobil Corporation v. Saudi Basic Industries*, 544 U.S. 280, 292 (2005). These doctrines call upon federal

courts to decline to exercise their jurisdiction in circumstances where the interests of comity and federalism predominate. See *Quackenbush v. Allstate Ins. Co.,* 517 U.S. 706, 727– 28 (1996). The Supreme Court of the United States has carved several abstention doctrines, according to which federal courts should refrain from hearing cases under very particular circumstances, such as if doing so would interfere with pending state criminal proceedings, see *Younger v. Harris,* 401 U.S. 37 (1971), or with certain types of state civil proceedings, see *Huffman v. Pursue, Ltd.,* 420 U.S. 592 (1975); and in cases which are duplicative of pending state proceedings, see *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800 (1976), amongst others.

Considerations of federalism, comity, and sound judicial administration should sway this Honorable Court to direct a stay of the federal court proceedings in the instant case. See *Cruz v. Melecio*, 204 F.3d 14, 22-25 (1st Cir. 2000) (considering the same in ordering a stay of federal proceedings pending the outcome of a related state court litigation). The Mint's judicial review case is pending before the Commonwealth's appellate court and may yet (very likely) reach Puerto Rico's highest court. "From the standpoint of federalism and comity, there is something particularly offensive about hijacking a case that is pending on the docket of a state's highest tribunal." *Id*. at 24. Yet another concern is that, absent a stay, the district court could be forced to decide over the state laws and regulations at issue here before the Puerto Rico courts get a chance to issue their decision upon judicial review. A contrary ruling from the Commonwealth courts could render the federal court's opinion "merely advisory -- an outcome we seek to avoid in any case." Currie v. *Grp. Ins. Comm'n*, 290 F.3d 1, 11 (1st Cir. 2002); accord *Rivera-Feliciano*, 438 F.3d at 62; see *Pennzoil Co.*, 481 U.S. at 11 n.9 ("In some cases, the probability that any federal adjudication would be effectively advisory is so great that this concern alone is sufficient

to justify abstention[.]"). It is therefore preferable to allow the Commonwealth courts to resolve the controlling issues of application of Puerto Rico laws and regulations first.

Defendant recognizes, of course, that the plaintiffs' retaliation and free speech claims are not synonymous with their declaratory and injunctive relief claims and, thus, will not necessarily be resolved by answering the unsettled state law questions. If those claim is not rendered moot by the Puerto Rico Supreme Court's decision, the parties will have their chance to argue it in federal court at a later date. **Defendant is not requesting that federal court jurisdiction over the surviving federal claims be surrendered, but simply requesting that the Honorable Court stay the proceedings until the related Commonwealth proceedings have run their course**.

### *Younger* **abstention**

"Younger is a court-made rule of abstention built around the principle that, with limited exceptions, federal courts should refrain from issuing injunctions that interfere with ongoing state-court litigation, or, in some cases, with state administrative proceedings." *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 31 (1st Cir. 2004). See also *Younger v. Harris*, 401 U.S. 37, 43-45, 53-54 (1971). As stated in *Maymo-Melendez*, "[a]lthough initially applied to protect state criminal prosecutions against interference, the Younger doctrine has been extended to "coercive" civil cases involving the state and to comparable state administrative proceedings that are quasi-judicial in character…" *Id*. (Emphasis added). See also *Ohio Civil Rights Commission v. Dayton Christian Schools*, 477 U.S. 619 (1986) (applying *Younger* to state administrative proceedings before the Ohio Civil Rights Commission); *Middlesex Country Ethics Committee v. Garden State Bar Association*, 457 U.S. 423 (1982) (applying Younger to administrative proceedings commenced by the state bar ethics committee to discipline an attorney). Moreover,

*Younger* abstention is most commonly applied to suits, such as the instant action, seeking injunctive or declaratory relief. *Rossi v. Gemma*, 489 F. 3d 26, 34 (2007).

In the First Circuit, *Younger* abstention is appropriate when "the requested relief would interfere with: (1) an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." *Verizon New England, Inc. v. Rhode Island Dept. of Labor*, 723 F. 3d 113 (2013) (*internal quotation marks omitted*). All requirements of the three-part *Younger* test are met in the case at hand.

First, there is no doubt that a state administrative action, the consideration and eventual denial of Mint's permit application by OCFI, requested by and initiated by Plaintiff, took place (and is still ongoing in the form of judicial review before the state courts) before this federal suit was filed. (See **ECF Nos. 1-3, 1-4**).

Second, the state provides an adequate forum for Plaintiff to present his federal constitutional challenge. Moreover, the OCFI's *Final Resolution on Reconsideration* clearly establishes that "[a] party adversely affected by an order or final resolution of OCIF, and once exhausting all administrative reliefs determined by OCIF, including the Final Resolution issued by an Administrative Judge, may request judicial review in the Court of Appeals of Puerto Rico, within a term of thirty (30) days counted from the notice of the determination, according to what is provided in section 4.2 of Act 38 of 2017, known as "Uniform Administrative Procedure Act of Puerto Rico"." (See **ECF 1-4 at 20**). Meanwhile, the *Uniform Administrative Procedure Act*, 3 P.R. Laws Ann. §§ 2101-2201, establishes that "[a]ny party which is adversely affected by a final order or resolution of an agency...or by the corresponding administrative appellate body may file a

petition for review before the Court of Appeals." *3 P.R. Laws Ann. § 2172*. Thereafter, the Puerto Rico Court of Appeals' decision regarding Plaintiff's federal claims would be reviewable by the Supreme Court of Puerto Rico, and ultimately by the Supreme Court of the United States. See *28 U.S.C. § 1257*.

In *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 606 (1975) the Supreme Court of the United States stated "[w]e do not understand why the federal forum must be available prior to completion of the state proceedings in which the federal issue arises, and the considerations canvassed in Younger militate against such a result." Moreover, in *Ohio Civil Rights Commission v. Dayton Christian Sch., Inc.*, 477 U.S. 619 (1986), the Court emphasized that the availability of state judicial review of an administrative forum's decisions ensured an adequate opportunity to raise constitutional issues. See *Ohio Civil Rights Comm'n v. Dayton Christian Sch.*, Inc., 477 U.S. 619, 629 (1986) (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 436 (1982) ("[I]t is sufficient under *Middlesex*, *supra*, 457 U.S., at 436, 102 S. Ct., at 2523, that constitutional claims may be raised in state-court judicial review of the administrative proceeding.") Indeed, the First Circuit, in *Maymo-Melendez v. Alvarez-Ramirez*, 364 F.3d 27, 35 (1st Cir. 2004), held that "*Younger* now has to be read as treating the state process—where the administrative proceeding is judicial in character—as a continuum from start to finish."

Third, the "important state interest" factor is present and that the third prong of *Younger* is also met. The regulation and licensing of the financial institutions that want operate or do business in the Commonwealth of Puerto Rico has been recognized as an important state interest, so much so that the OCFI is also recognized by the Government of Puerto Rico as an

10

agency of public law and order of the Government of Puerto Rico. See P.R. Laws Ann. tit. 7, See P.R. Laws Ann. tit. 7, § 2003.

Finally, it is important to note that the general principle that federal courts should adjudicate claims within their jurisdiction does not apply to claims brought pursuant to the *Declaratory Judgment Act*, 28 U.S.C. §§ 2201-2202. Indeed, the Act "neither imposes an unflagging duty upon the courts to decide declaratory judgment actions nor grants an entitlement to litigants to demand declaratory remedies." *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 39 (1st Cir. 2006) (*internal quotation marks omitted*)(emphasis added). See also *El Día, Inc. v. Hernández Colon,* 963 F.2d 488, 493 (1st Cir.1992). "Consequently, federal courts retain substantial discretion in deciding whether to grant declaratory relief." *Ernst & Young v. Depositors Econ. Prot. Corp.*, 45 F.3d 530, 534, 1995 WL 20852 (1st Cir. 1995).

Thus, not only are all three elements of the *Younger* test met, but this suit is one brought pursuant to the Declaratory Judgment Act, which offers "a window of opportunity, not a guarantee of access," *Ernst & Young*, 45 F.3d at 534, the court's jurisdiction in the instant case is discretional. Therefore, to comply with the Supreme Court of the United States' mandate of fostering the interests of comity and federalism through *Younger* abstention, this Honorable Court must abstain from hearing this case and allow the state proceeding to continue its course.

### *Colorado River-Brillhart/Wilton* **doctrines**

In *Colorado River Water Conservation Dist. v. United States*, 24 U.S. 800, 818 (1976), the Supreme Court of the United States identified certain exceptional circumstances "permitting the dismissal of a federal suit due to the presence of a concurrent state proceedings for reasons of wise judicial administration." However, in *Wilton v. Seven Falls Co.*, 515 U.S. 277 (199), the

Supreme Court of the United States refused to apply the *Colorado River* abstention standard to

a suit under the Declaratory Judgment Act involving a parallel state court proceeding. The Court

concluded that the "exceptional circumstances" test of *Colorado River* was too restrictive of

federal courts' discretion when applied to suits for declaratory judgments. Thus, in *Wilton*, the

court adopted and developed the more lenient standard announced years earlier in *Brillhart v.*

*Excess Ins. Co. of Am.*, 316 U.S. 491 (1942), a similar declaratory judgment suit. In *Brillhart*, the

court had stated that "[a]lthough the District Court had jurisdiction of the suit under the Federal

Declaratory Judgments Act...it was under no compulsion to exercise that jurisdiction." *Brillhart v.*

*Excess Ins. Co. of Am.*, 316 U.S. at 494. As such, "[g]ratuitous interference with the orderly and

comprehensive disposition of a state court litigation should be avoided." *Id*. at 495. Likewise, the

*Wilton* Court stressed that "[s]ince its inception, the Declaratory Judgment Act has been

understood to confer on federal courts unique and substantial discretion in deciding whether to

declare the rights of litigants." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995). See also *Rossi*

*v. Gemma*, 489 F.3d 26, 39 (1st Cir. 2007) ("[T]he Supreme Court has made clear that when

declaratory relief is sought under state law, the rigorous *Colorado River* test need not be met,

and a much more lenient standard is applicable.").

Since then, Courts have identified several factors to be considered when determining

whether *Brillhart/Wilton* abstention is appropriate, including, amongst others 1) "the scope of

the pending state court proceeding and the nature of defenses open there, *Wilton,* 515 U.S. at

283 (quoting *Brillhart,* 316 U.S. at 495); and 2) whether the claims of all parties in interest can

satisfactorily be adjudicated in the state court proceeding, *Wilton,* 515 U.S. at 283 (quoting

*Brillhart,* 316 U.S. at 495). See also *Rolon v. Univision Television Grp., Inc.*, 2012 WL 4483786, at *5 (D.P.R. 2012).

As previously discussed above, there is no doubt that a state administrative action, requested by and initiated by Plaintiff, took place (and is still ongoing in the form of judicial review before the state courts) before this federal suit was filed. (See **ECF Nos. 1-3, 1-4**), and that the state forums are adequate for Plaintiff to present his claims. Thus, if this court were to determine that *Younger* abstention is inapplicable, then this Honorable Court should abstain based on *Brillhart/Wilton*.

### 28 U.S.C.S. § 2283 Anti-Injunction Act

"A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C.S. § 2283 Anti-Injunction Act.

*28 USCS § 2283* is not jurisdictional provision but is impairment of authority of power of court to proceed; when applicable, it is absolute, leaving no discretion in court. *Mitchum v. Foster*, 407 U.S. 225 (1972).

Although one of the exceptions to the Anti-Injunction Statute, 28 U.S.C.S. § 2283, must exist before a federal court has power to stay state court proceedings, the court has discretion to exercise that power once it exists. The power to enjoin state proceedings is discretionary, allowing the court to weigh those factors both pro and con to the issuance of a stay. While the district court might have found that the state court action would so interfere with its judgment that a stay pursuant to § 2283 was necessary to protect and effectuate that judgment, it was not required to do so. Refusal to issue the stay is within the discretion of the district court, which

cannot be overturned unless clearly and prejudicially abused. See *Fernández Vargas v. Pfizer*, 522 F.3d 55 (1st Cir. 2008). See also *Commonwealth Edison Co. v. Gulf Oil Corp.*, 541 F.2d 1263 (7th Cir. 1976).

The consistent understanding has been that the basic purpose of the Anti-Injunction Statute is to prevent "needless friction between state and federal courts." *Oklahoma Packing Co. v. Gas Co.*, 309 U.S. 4, 9. See also *Mitchum v. Foster*, 407 U.S. 225, 233 (1972).

In the instant case, because plaintiffs seek injunctive, as well as declaratory relief from the federal court, the Anti-Injunction Act may be applicable. Furthermore, even if one of the exceptions is deemed by this court to be present, the Honorable Court is not obligated to grant such relief, for there are other considerations to be taken, such as the effect that granting the relief sought by plaintiffs would have on the ongoing state proceedings. Such ruling by this Honorable Court would basically govern all future proceedings in the state judicial revision case, even deciding its outcome or enjoining the proceedings. That would result in the impermissible and/or undesirable interference the several abstention doctrines and statutes are meant to prevent. Hence, this Honorable Court should/must abstain in the instant case until the state proceedings have run their ordinary course.

## CONCLUSION

The various abstention doctrines and statutes presented above support only one result in the present case, and that is for this Honorable Court to abstain. As previously stated above, Defendant is not requesting that federal court jurisdiction over the surviving federal claims be surrendered, but merely requesting that the Honorable Court stay the proceedings until the related Commonwealth proceedings have run their course. Given the facts of the present case

and the remedies sought by Plaintiff in the surviving claims, and after consideration of the "unity of concerns" behind the various abstention doctrines which support, favor and promote abstention and comity, Defendant respectfully request that this Court abstain.

WHEREFORE, the appearing Defendant respectfully requests that this Honorable Court GRANT the present motion, thereby staying the proceedings in the present case until the related state proceedings have run their course.

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court, using CM/ECF system, which will send notification of such filing to all parties and attorneys of record.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico on this 10th day of May, 2019.

**WANDA VÁZQUEZ GARCED**
Secretary of Justice

**WANDYMAR BURGOS VARGAS**
Deputy Secretary in Charge of Civil
Litigation

**SUSANA PEÑAGARÍCANO BROWN**
Director of Federal Litigation
and Bankruptcy Division

*s/* **Rafael B. Fernández Castañer**
USDC No. 225112
Federal Litigation Division
Department of Justice
P.O. Box 9020192
San Juan, PR  00902-0192
Tel. : (787) 721-2900 Ext.: 1423
Email: rfernandez@justicia.pr.gov